OPINION
Danielle Kramer ("Appellant") appeals the trial court's acceptance of a Crim.R. 11 negotiated plea of guilty to the charge of voluntary manslaughter. She also appeals the denial of a presentence motion to withdraw her guilty plea. For the following reasons, we overrule Appellant's assignments of error and affirm the rulings of the trial court.
On June 22, 2000, Appellant was indicted for the murder of Charise Harmo. On March 14, 2001, Appellant entered into a Crim.R. 11 plea agreement in which she agreed to plead guilty to the lesser charge of voluntary manslaughter in violation of R.C. § 2903.03(A), a first degree felony, and to a firearm specification pursuant to R.C. §2941.145 and R.C. § 2919.14(D)(1)(a). Appellant was represented by counsel at the time she entered into the plea agreement. After a hearing on March 14, 2001, the court accepted the plea and set the matter for sentencing on May 11, 2001.
On May 8, 2001, Appellant, through new counsel, filed a motion to withdraw her plea. The motion was denied on May 10, 2001, for the reason that the attorneys who filed the motion were not attorneys of record in the case. Appellant's new attorneys filed a Notice of Appearance on May 10, 2001, and refiled the Motion to Withdraw Plea. Neither the May 8th nor the May 10th motion specified any grounds for withdrawing the plea, other than that the motion to withdraw the plea was being made prior to sentencing and should therefore be granted.
A hearing on the motion was held on May 11, 2001, and was continued to May 18, 2001. After considering the nine factors established by this Court in State v. Griffin (Mar. 16, 2001), 7th Dist. No. 00 CA 17, the trial court overruled Appellant's motion to withdraw her plea and proceeded to sentencing. The court sentenced Appellant to seven years in prison for voluntary manslaughter and imposed a consecutive three-year term for the gun specification. (5/21/01 J.E.). Appellant filed this timely appeal on June 5, 2001.
Appellant's initial filing of the record failed to include a copy of the March 14, 2001, hearing on the plea agreement. On November 6, 2001, Appellant filed a Motion to Supplement the Record with this Court, requesting to include a copy of March 14, 2001, transcript as part of the record. We granted the motion on November 28, 2001, giving Appellee an opportunity to file a supplemental brief in response to the enlarged record. Appellee filed a Supplemental Brief on December 20, 2001.
Appellant's first assignment of error asserts:
 "APPELLANT'S PLEAS OF GUILTY WERE NOT KNOWINGLY AND VOLUNTARILY MADE AS REQUIRED BY OHIO'S CRIM.R. 11(C), THUS DENYING APPELLANT DUE PROCESS OF THE LAW."
Appellant raises two arguments in this assignment of error. Appellant first argues that the trial court was required by Crim.R. 11(C)(2)(a) to explain, prior to accepting her guilty plea, the nature of the charges, the maximum penalty involved, and whether she was eligible for probation. Appellant argues that the court did not explain that there was a mandatory three-year term of actual incarceration on the gun specification and that she was not eligible for probation. Appellant also claims the court failed to explain the specific elements of the charges.
This assignment of error requires a review of the trial court's acceptance of Appellant's guilty plea. The due process clauses of the United States and Ohio Constitutions require that guilty or no contest pleas be made knowingly, intelligently and voluntarily. Parke v. Raley
(1992), 506 U.S. 20, 28-30, 113 S.Ct. 517, 121 L.Ed.2d 391; State v.Engle (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450. To satisfy the constitutional requirement that a guilty plea be voluntary, the trial judge must inform the defendant that in her guilty plea she waives specific constitutional rights, including the right to a jury trial, the right to confront witnesses, the right against self-incrimination and the right to compulsory process of witnesses. State v. Nero (1990),56 Ohio St.3d 106, 107, 564 N.E.2d 474; State v. Ballard (1981),66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, paragraph one of the syllabus, following Boykin v. Alabama (1969), 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274; accord State v. Wood (Jan. 21, 2000), 7th Dist. No. 98 CA 80.
Crim.R. 11(C)(2) states:
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
Crim.R. 11(C)(2) attempts to guarantee that a plea is made knowingly and voluntarily by requiring that the trial court, before accepting such plea, must inform the offender that he or she is waiving certain rights by pleading guilty.
Compliance with Crim.R. 11(C) need not always be strict. If the rights involved are nonconstitutional in nature, a plea will be considered as knowingly and voluntarily made if the trial court substantially complies with Crim.R. 11(C). Ballard, supra, 66 Ohio St.2d at 475; State v.Stewart (1977), 51 Ohio St.2d 86, 92-93, 5 O.O.3d 52, 364 N.E.2d 1163. Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the consequences of the plea and the nature of the rights being waived. Nero, supra,56 Ohio St.3d at 108, 564 N.E.2d 474, citing Stewart, supra. Moreover, Appellant must show that a failure to comply with Crim.R. 11(C) had a prejudicial effect on her. Id. "The test is whether the plea would have otherwise been made." Id.
The right to have the elements of the crime explained is a nonconstitutional right. State v. Singh (2000), 141 Ohio App.3d 137,141, 750 N.E.2d 598; Rainey, supra, 3 Ohio App.3d at 442; State v. Baier
(June 30, 1999), 7th Dist. No. 98-BA-11. Appellee appears to concede that the trial court did not specifically explain the elements of voluntary manslaughter or requirements for proving a gun specification. Appellee argues, though, that Crim.R. 11(C) does not require the trial judge to inform the defendant of the nature or elements of the offense. Rather, the trial court is only required to determine if the defendant understands the nature of the charge. Baier, supra.
Appellee correctly asserts that a, "trial court may be justified in concluding that a defendant has drawn an understanding [of the charges] from sources other than the lips of the trial court." Rainey, supra,3 Ohio App.3d at 442. Appellee notes that: (1) Appellant conferred at length with her attorneys; (2) she signed the March 14, 2001, plea agreement, which stated that she fully understood the charges; (3) her attorney testified that, "we have had an opportunity to review the plea of guilty form and the rights with my client" (3/14/01 Tr., p. 6); (4) and that the trial court asked Appellant if she had reviewed the plea agreement and fully understood all the elements of the original and amended charges and Appellant answered "Yes, sir." (3/14/01 Tr., p. 9). These facts establish that Appellant subjectively understood the charges against her, even though the charges were not specifically explained to her by the trial judge.
The right to have the minimum and maximum penalty explained does not rise to constitutional proportions. State v. Johnson (1988),40 Ohio St.3d 130, 133, 532 N.E.2d 1295. Furthermore, the right to be told of the possibility of probation is likewise not of constitutional magnitude. Stewart, supra, 51 Ohio St.2d 86, at syllabus. Therefore, the trial court was required to substantially comply with the dictates of Crim.R. 11(C) in these areas. It appears from the record that the trial court literally complied with Crim.R. 11(C) by specifically informing Appellant of the possible penalties for the crimes, and by stating that the convictions were nonprobational:
 "THE COURT: Very well. If I would proceed to judgment and sentence today or at a later time, I can sentence you to anywhere from 3 years to 10 years on the charge of voluntary manslaughter. * * *
 "In addition to that, I also have to order you to serve at least — well, to serve 3 years of actual incarceration on the firearm specification. That sentence has to be served consecutively to any other sentence that I impose. So you are looking at a minimum sentence possible of 6 years, 3 years on the firearm spec, plus a 3-year minimum, or a maximum possible sentence of 3 years on the firearm specification plus 10 years, which would be 13 years."
"* * *
 "THE COURT: This is not a probational offense, which means that I cannot grant you probation." (3/14/01 Tr., pp. 14-15).
Crim.R. 11 does not require a trial judge to sua sponte inform a criminal defendant of possible affirmative defenses: "Where a criminal defendant [is] represented by counsel * * *, the trial court is not required, pursuant to Crim.R. 11(C), to apprize him of affirmative defenses * * * prior to accepting his plea of guilty * * *." State v.Reynolds (1988), 40 Ohio St.3d 334, 533 N.E.2d 342, syllabus. Therefore, the trial court did not commit error by failing to inform Appellant of any affirmative defenses, such as self-defense.
Appellant's second argument is based on Fed.R.Crim.P. 11(f), which states:
 "[T]he court should not enter a judgment upon [a guilty] plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."
Appellant quotes this rule (without pointing out that it is a federal
rule of procedure) and seems to argue that this federal procedural rule should apply in her case. Appellant contends that the trial court should have delved into the factual basis of the plea. Appellant's argument is incorrect.
A trial court has no duty to explore the factual basis for a defendant's guilty plea. State v. Post (1987), 32 Ohio St.3d 380,386-387, 513 N.E.2d 754. There is an exception to this rule when the criminal defendant pleads guilty but at the same time declares that he or she is innocent of the charge (known as an Alford plea, from the U.S. Supreme Court case of North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160, 27 L.Ed.2d 162, fn. 10), but that situation has not occurred here. See Post at 387.
Fed.R.Crim.P. 11(f), which does require an inquiry into the facts of the crime, applies in federal criminal cases being prosecuted in federal courts and has no bearing on this case.
As we reject all of Appellant's arguments relating to the trial court's acceptance of the guilty plea, we must conclude that the plea was entered into knowingly, intelligently and voluntarily. Appellant's first assignment of error is hereby overruled.
Appellant's second assignment of error argues:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO GRANT APPELLANT'S MOTION TO WITHDRAW THE PLEAS OF GUILTY WHERE SUCH REQUEST WAS MADE PREVIOUS TO THE IMPOSITION OF SENTENCES."
Appellant does not actually present an argument to support this assignment of error. Instead, she merely lists a number of cases and some annotative comments. The gist of her "argument" appears to be that a motion to withdraw a guilty plea made before sentencing should be freely allowed, particularly if the defendant claims to be innocent and when the potential harm to the state would be slight.
Appellant indicates that Appellee had difficulty getting witnesses to appear prior to Appellant's guilty plea, as evidenced by the long list of subpoenas which were returned as unserved. Appellant states that Appellee cannot claim that it will now be prejudiced by having to try the case after a long delay because Appellee could not get the witnesses to appear in the first place.
Appellant also claims that she is actually innocent of the crime of voluntary manslaughter, and that she has a valid argument to present that she acted in self-defense. Based on the record here, Appellant's arguments are not persuasive.
Crim.R. 32.1 states:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
"The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Statev. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph two of the syllabus. An abuse of discretion requires more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466,470, 644 N.E.2d 331. It is within a trial court's discretion to refuse to grant a presentence motion to withdraw a plea even in a death penalty case. State v. Spivey (1998), 81 Ohio St.3d 405, 415, 692 N.E.2d 151.
"[A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing."Xie at 527.
Although it is not the role of an appellate court to conduct a de novo review when a trial court denies a presentence motion to withdraw a plea, a reviewing court may reverse if it finds that the trial court acted unjustly or unfairly. Id.
Crim.R. 32.1 does not give the trial court any specific guidelines in ruling on a presentence motion to withdraw a guilty plea. This Court has established the following non-exclusive list of factors for a trial court to consider when ruling on a presentence motion to withdraw a plea:
"(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim. R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge."State v. Griffin (Mar. 16, 2001), 7th Dist. No. 00 CA 17, citing the factors first set forth in State v. Fish (1995), 104 Ohio App.3d 236,240, 661 N.E.2d 788.
It is abundantly clear from the record that the trial court was aware of the Griffin factors and thoroughly considered them. It is also clear that the vast majority of the factors weighed against allowing Appellant to withdraw her plea.
First, Appellee argued at the May 18, 2001, plea withdrawal hearing that it would be prejudiced by the withdrawal. (5/18/2001 Tr., p. 4). Appellee asserted that it would be difficult to assemble the witnesses for trial, and that resetting this case on the court's docket would have a negative impact on many other pending cases. (5/18/01 Tr., p. 29).
Second, Appellant had competent counsel at the time she entered into her plea agreement and neither Appellant nor Appellant's subsequent counsel expressed any reservations about that prior counsel. Appellant's new counsel simply disagreed with the strategy used by the prior counsel and believed that self-defense was a viable defense to raise. (5/18/2001 Tr., p. 14-15). The decision to recommend a plea agreement is usually considered to be a trial tactic, and the fact that subsequent counsel believed that a different tactic should have been used is not a strong reason in support of permitting the withdrawal of a guilty plea. SeeState v. Nathan (1995), 99 Ohio App.3d 722, 727, 651 N.E.2d 1044; Statev. Bird (1998), 81 Ohio St.3d 582, 585-586, 692 N.E.2d 1013.
Third, there was an extensive Crim.R. 11 plea hearing on March 14, 2001, when she offered her plea.
Fourth, there was an equally extensive hearing held on May 18, 2001, on Appellant's motion seeking to withdraw her guilty plea.
Fifth, the trial court considered each of the reasons given in support of the motion to withdraw the guilty plea.
Sixth, Appellant filed the motion to withdraw her plea on the eve of trial. A motion to withdraw a guilty plea made just before trial and immediately after a change in counsel weighs against granting the motion. State v. Hassink (Nov. 20, 2000), 7th Dist. Nos. 2000-CO-11, 2000-CO-12.
Seventh, Appellant's reasons for withdrawing the plea are unsubstantiated. Appellant suggested that she had a viable claim of self-defense, but her attorneys refused to elaborate on any specifics of that defense. (5/18/01 Tr., pp. 14-15). Appellant's claim of innocence appears to be a mere change of heart, which is an insufficient basis for withdrawing a guilty plea:
"Presumably, every defendant who seeks to withdraw a guilty plea does so based upon a claim of innocence. Recognizing this, we have repeatedly held that `a mere change of heart' is insufficient justification for allowing the withdrawal of a guilty plea. State v. Drake (1991),73 Ohio App.3d 640, 645; State v. Lambros (1988), 44 Ohio App.3d 102;State v. Grigsby (1992), 80 Ohio App.3d 291." State v. Murphy (Aug. 31, 1995), 8th Dist. No. 68129.
Eighth, Appellant understood the nature of the charges and the possible sentences, as was established in the review of her first assignment of error.
Ninth, Appellant alleged both innocence and self-defense. While, if proven, self-defense may be a complete defense to the original charge of murder, the record reveals that Appellant did not allege any facts which would support such a defense. Furthermore, it is contradictory to allege both innocence and self-defense. Self-defense presumes that the facts of the crime, as alleged in the indictment or complaint, are true, but asserts that there are further facts which justify the defendant's actions and exempt him or her from liability. State v. Poole (1973),33 Ohio St.2d 18, 19, 20, 62 O.O.2d 340, 294 N.E.2d 888. A claim of self-defense is usually a concession that the crime was committed. Statev. Barnd (1993), 85 Ohio App.3d 254, 260, 619 N.E.2d 518, citing Statev. Champion (1924), 109 Ohio St. 281, 286-287, 142 N.E.2d 141. Therefore, even Appellant's claims of innocence and self-defense add little if any weight to her reasons for withdrawing her plea.
The trial court expressed some misgivings about considering the ninthGriffin factor, a consideration as to, "whether the accused was perhaps not guilty or had a complete defense to the charge." Griffin, supra, (March 16, 2001), 7th Dist. No. 00 CA 17. The trial judge stated:
"At the last hearing, I indicated that I don't know why that criteria's there cause I can't make that determination as a trial judge. I know that she's presumed to be innocent prior to plea and prior to trial, but I think it would be ridiculous for me to make a judicial finding that she is, quote, perhaps not guilty, close quote, or that she has a complete defense to the charge because that's a matter of evidence." (5/18/01 Tr., pp. 10-11).
In so stating, the trial judge may be misinterpreting the purpose of this particular Griffin factor.
This Griffin factor does not force a trial judge to make an impossible or premature evidentiary decision. In Griffin itself, the defendant presented some, albeit minimal, evidence to support the conclusion that he had a viable defense at the time he sought withdrawal of his plea that was not viable prior to his guilty plea. Without presenting some evidence, a defendant's entreaty that a viable defense exists appears to be nothing more than a sudden change of heart. Such sudden change of heart is regularly rejected as a basis for allowing the withdrawal of guilty plea. See Drake, 73 Ohio App.3d at 645; Lambros,44 Ohio App.3d at 103.
The same logic applies to our requirement that the trial court consider whether the defendant is "perhaps not guilty." The thrust of this consideration is not to force the trial judge to make a declaration about the defendant's guilt or innocence, but rather, to encourage the trial court to examine: 1) whether the defendant is actually claiming to be innocent, or whether the plea withdrawal request is based on a defense which has nothing to do with his or her innocence; 2) whether there are any reasons supporting the defendant's claim of innocence which arose subsequent to the time the defendant entered into the plea agreement; and 3) whether the defendant has any viable evidence or access to any viable evidence to support his or her innocence. In other words, the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement.
Comparing and contrasting the facts of this case with those found inGriffin leads us to conclude that the trial court did not abuse its discretion in denying Appellant's motion.
Griffin involved a defendant who was originally charged with attempted murder after shooting a man four times. Following plea negotiations, the charge was reduced to felonious assault, and on October 20, 1999, the defendant pleaded guilty to the reduced charge. Sentencing was scheduled for December 16, 1999. On November 3, 1999, the defendant wrote a letter to the court asking to withdraw his plea and have new counsel appointed. After a hearing, the motion to withdraw the guilty plea was denied, but this decision was overturned on appeal.
In Griffin, the state did not allege that it would be prejudiced or harmed if the motion to withdraw was granted; in the instant case, the state does allege prejudice.
In Griffin, the defendant's counsel allegedly failed to fully investigate the case and allegedly lied to the defendant about interviewing a key defense witness; there are no such accusations here, and Appellant's new attorneys appear only to disagree with the prior attorney's tactic of recommending a plea bargain.
In Griffin, the motion to withdraw the plea was filed two weeks after the defendant pleaded guilty and six weeks before the sentencing hearing; here the motion was filed improperly only three days before the sentencing hearing, and was properly filed only one day prior to sentencing.
In Griffin, the defendant explained why he was not able to raise his self-defense argument prior to pleading guilty and that he uncovered a witness who would support his self-defense argument only later. Here, Appellant merely stated that she had a self-defense argument without any further elaboration, and she did not allege that there was a problem with raising self-defense prior to her guilty plea.
None of the factors which led this Court to allow the withdrawal of the guilty plea in Griffin exist in the case sub judice.
For all of the above, Appellant's second assignment of error is overruled.
Since we must overrule both of Appellant's assignments of error, we hereby affirm Appellant's conviction, including the trial court's decision to overrule Appellant's motion to withdraw her guilty plea in full.
Vukovich, P.J., concurs.
DeGenaro, J., concurs.