18

THE STATE OF OHIO, APPELLEE, *v.* POOLE, APPELLANT.

(No. 72-477—Decided March 14, 1973.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Curtis L. Smith,* for appellee.

*Messrs. Tuma, Kurtz, Gray & Modica* and *Mr. Donald A. Modica,* for appellant.

HERBERT, J. The question which prompted our allowance of the motion for leave to appeal in this first degree murder case is whether defendant's contention that the killing was an accident is an affirmative defense, requiring the defendant to establish it by a preponderance of the evidence.

This court has consistently recognized that there are certain "justification[s] for admitted conduct"[1] allowed to a defendant in a criminal case, provable for the most part under the plea of not guilty, which are referred to as "affirmative defenses." As characterized by one authority, they represent not a mere denial or contradiction of evidence which the prosecution has offered as proof of an essential element of the crime charged, but, rather, they represent a substantive or independent matter "which the defendant claims exempts him from liability even if it is conceded that the facts claimed by the prosecution are true."[2] Among those defenses, in Ohio, are self-defense,[3] duress,[4] insanity,[5] and intoxication.[6] Affirmative defenses must be proved by a preponderance of the evidence. *State v. Vargo* (1927), 116 Ohio St. 495, 507, 156 N. E. 600. How-

[1] McCormick, Evidence (2 Ed.), 801.

[2] Anderson, 1 Wharton's Criminal Evidence (12 Ed.), 54 and 55, Section 19.

[3] *Silvus* v. *State* (1871), 22 Ohio St. 90; *Weaver* v. *State* (1874), 24 Ohio St. 584; *State* v. *Vancak* (1914), 90 Ohio St. 211, 107 N. E. 511; *Szalki* v. *State* (1917), 96 Ohio St. 36, 117 N. E. 12; *Ezell* v. *State* (1928), 119 Ohio St. 39, 162 N. E. 106; *State* v. *Nolton* (1969), 19 Ohio St. 2d 133, 249 N. E. 2d 797.

[4] *State* v. *Sappienza* (1911), 84 Ohio St. 63, 95 N. E. 381.

[5] *Bergin* v. *State* (1876), 31 Ohio St. 111; *Kelch* v. *State* (1896), 55 Ohio St. 146, 45 N. E. 6; *State* v. *Staten* (1969), 18 Ohio St. 2d 13, 247 N. E. 2d 293.

[6] *Long* v. *State* (1923), 109 Ohio St. 77, 141 N. E. 691; *State* v. *Vargo, infra* (116 Ohio St. 495); *State* v. *Salmon* (1967), 10 Ohio App. 2d 175, 226 N. E. 2d 784.

ever, it has long been established that accident is not an affirmative defense in this state. *Jones* v. *State* (1894), 51 Ohio St. 331, 38 N. E. 79.

By raising the defense of accident, "the defendant denies any intent * * *. He denies that he committed an unlawful act and says that the result is accidental."[7] Evidence which he offers in his own behalf to establish such a defense constitutes a denial or contradiction of evidence offered by the prosecution to prove an intent to kill. As this court said in *Jones* v. *State, supra*, at pages 342 and 343, in which an accused also raised the defense of accidental shooting to a murder charge:

"* * * The intent or purpose, to kill, being an essential constituent of the offense, should be averred and proven. *Fouts* v. *The State*, 8 Ohio St., 98; *Kain* v. *The State, Ib.*, 306; *Hagan* v. *The State*, 10 Ohio St., 459. This purpose, like every other material averment of the indictment, is put in issue by the plea of not guilty and to authorize a conviction must be proven beyond a reasonable doubt. Where the state has shown that the death was the result of design, purpose, or intent—and these terms in this relation are synonymous—then the notion of accident is necessarily excluded. That which is designedly or purposely accomplished cannot, in the very nature of things, be accidental. Therefore, when the plaintiff in error introduced evidence tending to prove that the gun was accidentally discharged, he was merely controverting the truth of the averment in the indictment that it was purposely discharged.

"This was not an affirmative defense * * *.

"* * * he set up no other defense than that the state had not established, beyond a reasonable doubt, the facts constituting the crime charged against him, one of which facts was an intent to kill. * * *"

The defense of accident or accidental homicide does not legally represent a "justification for admitted conduct."

---

[7]4 Ohio Jury Instructions (1970), 177, Section 411.01.

Like the defenses of alibi[8] or entrapment,[9] accident is generally embraced in a charge dealing with the elements of the offense and the burden imposed upon the state to establish the existence of those elements.

Appellee has argued that if the trial court's charge was erroneous, the jury was not misled and no prejudice resulted from the error. However, appellant's sole theory at trial was that the fatal shot was an accident. There were several witnesses whose statements on examination and cross-examination bore upon that theory. The defendant testified in his own behalf to that effect. He obviously defended himself by attempting to create in the minds of the jurors a reasonable doubt that he intentionally shot the decedent. In that light, the error in the charge with respect to the defense of accident was highly prejudicial.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings in accordance with law.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[8] *State* v. *Childs* (1968), 14 Ohio St. 2d 56, 236 N. E. 2d 545; 4 Ohio Jury Instructions 179, Section 411.03.

[9] *State* v. *Dutton Drugs* (1965), 3 Ohio App. 2d 118, 209 N. E. 2d 597.