O P I N I O N
Clifford Polhamus appeals from his conviction and sentence on one count of felonious assault.
On December 29, 1996, Defendant-Appellant, Clifford Polhamus, and his son, Joe Polhamus, went to a machine shop operated by Jack Doseck. Joe Polhamus and his wife, Jack Doseck's daughter, were in the process of getting a divorce. Joe Polhamus believed that some of his personal property was in Jack Doseck's possession, and it was Joe's intention to retrieve his property.
A physical altercation ensued between Joe Polhamus and Jack Doseck. Clifford Polhamus intervened, kicking Joe in the head and back and later striking him on the head with the handle of what was later described as a "sledgehammer." Moments later, Defendant-Appellant's son prevented him from striking the victim with the hammer itself. Dayton police were called to the scene. Upon arrival, police observed that Jack Doseck had suffered cuts and bruises to his face and head.
Clifford Polhamus was arrested and charged with assault. That charge was dismissed without prejudice on January 7, 1997. On March 11, 1997, Clifford Polhamus was indicted on one count of felonious assault and two counts of theft. On July 17, 1997, those charges were dismissed without prejudice, when the State was not prepared to go forward at trial. On August 26, 1997, Clifford Polhamus was re-indicted on one count of felonious assault in violation of R.C. 2903.11(A)(2). A trial commencing on December 11, 1997, resulted in a hung jury. A mistrial was declared on December 30, 1997.
On January 26, 1998, Clifford Polhamus moved to dismiss the pending felonious assault charge on speedy trial grounds. The trial court denied that request on February 25, 1998. On March 31, 1998, Polhamus once again sought dismissal of the felonious assault charge on speedy trial grounds. The trial court denied that request on May 15, 1998.
On or about May 18, 1998, a jury trial commenced, and Polhamus was subsequently found guilty of felonious assault. On June 17, 1998, the trial court sentenced Polhamus to two years imprisonment.
Clifford Polhamus has timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT BELOW ERRED TO THE PREJUDICE TO THE DEFENDANT-APPELLANT WHEN IT DENIED HIS RIGHTS TO SPEEDY TRIAL AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF THE STATE OF OHIO.
An accused is guaranteed the right to a speedy trial by theSixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. To determine whether an accused's right to a speedy trial has been violated, the United States Supreme Court has devised a balancing test which requires courts to balance and weigh the conduct of the prosecution and that of the accused by examining four factors: the length of the delay, the reason for the delay, whether the accused has asserted his speedy trial rights, and any resulting prejudice to the accused. Barker v. Wingo (1972), 407 U.S. 514; State v. Myers
(February 12, 1999), Greene App. No. 98CA38, unreported.
Ohio has implemented the constitutional right to a speedy trial by enacting statutes which require that in felony cases the accused must be brought to trial within two hundred seventy days following arrest. R.C. 2945.71(C)(2). Those statutory speedy trial periods do not apply to retrials, but they nevertheless serve as useful guidelines in terms of what is considered a "reasonable time" for constitutional speedy trial purposes. Statev. Fanning (1982), 1 Ohio St.3d 19.
In determining whether Polhamus' speedy trial rights were violated by the delay between his mistrial and the commencement of his retrial, it is appropriate to apply the Barker v. Wingo
balancing test, because R.C. 2945.71 et seq. does not control the time for the retrial which resulted in his conviction. State v.Boyer (December 27, 1994), Franklin App. No. 94APA06-938, unreported.
Polhamus' first trial resulted in a hung jury, which prompted the trial court to declare a mistrial on December 30, 1997. His retrial commenced on May 18, 1998, some one hundred thirty nine days later. When considering the Barker v. Wingo factors, the length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Barker v. Wingo, supra. This court has previously found delays of over one year presumptively prejudicial. State v. Kelly (1995), 101 Ohio App.3d 700. See also Doggett v. United States (1992), 505 U.S. 647.
The delay of one hundred thirty nine days between the mistrial and the commencement of the retrial in this case is less than one half of the time that this court has previously found presumptively prejudicial. Moreover, the period barely exceeds one half of the statutory time initially allowed for trial. Under these circumstances, we conclude that the delay involved in this case is not sufficient to be presumptively prejudicial and thus trigger a constitutional speedy trial analysis and inquiry into the remaining Barker factors.
The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT DENIED HIS RIGHTS TO DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF THE STATE OF OHIO.
Polhamus argues that in imposing sentence upon him the trial court failed to properly consider and apply the seriousness and recidivism factors in R.C. 2929.12. According to Polhamus, none of the factors in R.C. 2929.12(B) apply to make this a more serious form of felonious assault. Rather, he argues, this was a less serious form of felonious assault under division (C) of R.C.2929.12(C) because the victim facilitated the offense by acting aggressively during his confrontation with Defendant's son, and the Defendant acted under strong provocation for that same reason. Additionally, Polhamus argues that none of the factors in R.C.2929.12(D) that make recidivism more likely apply to him. Rather, recidivism is less likely under the factors in R.C. 2929.12(E) because Defendant has no history of prior convictions and this offense was committed under circumstances unlikely to reoccur. Accordingly, Polhamus argues that a non-prison sanction was appropriate in this case.
Polhamus concedes in his appellate brief that a trial court's sentencing decision is reviewed under an abuse of discretion standard. An abuse of discretion is more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v.Adams (1980), 62 Ohio St.2d 151.
Polhamus was convicted of felonious assault, a felony of the second degree. There is a presumption in favor of a prison term for that class of offenses. R.C. 2929.13(D). The permissible sentence is a term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). Polhamus was sentenced to two years, the minimum term allowable.
The trial court may, in its discretion, impose a community control sanction instead of incarceration. Before doing so, however, the trial court is required to find, after considering the seriousness factors in R.C. 2929.12(B) and (C), that a community control sanction would not demean the seriousness of the offense. The trial court must also find, after considering the recidivism factors in R.C. 2929.12(D) and (E), that a community control sanction would adequately punish the offender and protect the public from future crime. Both findings are required in order for the trial court to conclude that the relevant factors which support community control sanctions outweigh the presumption in favor of imprisonment.
At the sentencing hearing, defense counsel argued in favor of community control sanctions, contending that, consistent with their version of the events, various factors in R.C. 2929.12
which make the offense less serious and defendant less likely to offend again rebut the presumption in favor of a prison term. The trial court was, however, faced with conflicting evidence regarding whether the victim induced the attack or provoked Defendant by threatening Defendant's son, or whether Defendant's son was the initial aggressor in a fight in which the Defendant simply joined. The trial court chose to disbelieve Defendant's version of the events. Accordingly, the trial court did not find that the statutory factors in R.C. 2929.12 favoring a community control sanction outweigh the presumption in favor of incarceration, stating:
 In accord with the purposes and principles of section 2929.12 and 13 of the Ohio Revised Code, the Court takes into consideration mitigating factors that were just expressed and finds that there is not enough to overcome the presumption for prison term[.]
(T. 439).
Polhamus argues that the trial court's statement is insufficient to demonstrate that the trial court properly followed the statutory mandate to consider and weigh the relevant factors in R.C. 2929.12 in reaching its sentencing determination.
Neither R.C. 2929.12 nor R.C. 2929.19 requires the trial court to expressly state how or why the statutory factors favoring incarceration outweigh those that do not, in cases where a prison term is imposed for a second degree felony in accordance with the statutory presumption. The trial court's statement in this case that it considered the statutory factors in R.C. 2929.12
demonstrates that it did, and the presumption of regularity which attaches to the trial court's actions supports a conclusion that the outcome reached was in accordance with the weighing process that R.C. 2929.12 requires. Only if the record is so devoid of support for the trial court's sentencing determination as to demonstrate an abuse of discretion will this court interfere with that sentence.
The evidence presented at trial by the State demonstrates that when Polhamus struck Doseck in the head with the handle of the sledgehammer, the blow rendered Doseck unconscious for a brief period. The resulting gash in Doseck's head required twelve stitches to close. This constitutes "serious physical harm" per R.C. 2901.01(A)(5), which preponderates in favor of a prison term because it makes the offender's conduct a more serious form of the offense of felonious assault as defined by R.C. 2903.11 (A)(2), which only requires proof of physical harm. R.C. 2929.12(B)(2). Accordingly, there is evidence in this record which weighs in favor of a finding that a community control sanction would not demean the seriousness of this offense. That evidence supports the trial court's conclusion that the R.C. 2929.12 factors do not overcome the presumption in favor of a prison term in this case. An abuse of discretion, as that term is defined by law, has not been demonstrated on this record.
The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 THE DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
In his third and final assignment of error Polhamus complains about ineffective assistance of counsel.
The standard for judging the quality of representation by defense counsel in a criminal case is set forth in Strickland v.Washington (1984), 466 U.S. 668. In reviewing that standard the Ohio Supreme Court in State v. Bradley (1989), 42 Ohio St.3d 136,142, stated:
 "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688, 104 S.Ct. at 2064. The court recognized that there are "* * * countless ways to provide effective assistance in any given case. * * * " Id. at 689, 104 S.Ct. at 2065. Therefore, the court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential. * * *" Id. In addition, "[b]ecause of the difficulties inherent in making the evaluation, a court must [538 N.E.2d 380] indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Id. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 [101 S.Ct. 665, 667-68, 66 L.Ed.2d 564] (1981)." Strickland, supra, 466 U.S. at 691, 104 S.Ct. at 2066. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694.
Polhamus complains that defense counsel's representation was deficient because counsel failed to object when the prosecutor questioned the State's three eyewitnesses about statements they made to police on the day of the incident. According to Polhamus, the prosecutor's questions about these prior consistent statements elicited hearsay and constituted an improper attempt to bolster the credibility of these witnesses.
Polhamus identifies those portions of the record where the prosecutor's improper questions appear. The witness David Harrah was shown copies of his prior statement to police and asked whether he could identify them, and whether they were accurate. Harrah did not recite for the jury the contents of his prior statement. Thus, his testimony is not hearsay as defined by Evid.R. 801(C) because it was not an out of court statement offered for the truth of the matter asserted therein. Further, there was no improper attempt to bolster the credibility of this witness with his prior statement. Defense counsel's failure to object in these circumstances does not constitute deficient performance.
With respect to Jack Doseck, the victim, defense counsel did object to the State's request that Doseck read out his prior statement to police. The trial court sustained the objection and did not permit Doseck to repeat the contents of his prior statement for the jury. No deficient performance by defense counsel is demonstrated by this record.
The witness Wilford Davis was permitted, without objection from defense counsel to read to the jury the written statement he gave to police on the day of the incident. The statement was that Joe Polhamus, Defendant's son, and Jack Doseck, the victim, got into an argument. Joe Polhamus was the aggressor and grabbed Jack Doseck. Defendant, Clifford Polhamus, then joined in the affray, grabbing Doseck and throwing him to the floor. This statement was consistent with Davis' testimony at trial.
The State argues that Davis' testimony was admissible because prior consistent statements are not hearsay when they are offered to rebut an express or implied charge of recent fabrication. Evid.R. 801(D)(1)(b). According to the State, this testimony was offered in response to an anticipated attack by defense counsel that Davis' trial testimony was the product of recent fabrication.
We reject the State's argument because Davis' testimony about his prior statement to police preceded any claim by the defense that his trial testimony was recently fabricated. Had that occurred in the defense cross- examination of Davis, the State could properly rehabilitate him in its redirect examination with evidence of his prior, consistent statement. The State was not entitled to do so on direct examination, however, because at that stage the anticipated attack by the defense was wholly speculation.
Even assuming, arguendo, that defense counsel's performance in failing to object to Davis' testimony about his prior statement to police was deficient, no resulting prejudice to Polhamus is demonstrated. This is not a case which involves only the testimony of the victim against the testimony of the Defendant. Two eyewitnesses, in addition to the victim, testified concerning the events as they unfolded. There exists in this record testimony by two other persons, Jack Doseck and David Harrah, that is substantially similar to the objectionable testimony of Wilford Davis. Under these circumstances, we cannot say that the jury's decision was based solely upon the inadmissible portion of Wilford Davis' testimony. State v. Minturn (December 20, 1994), Franklin App. No. 94APA04-532, unreported.
Polhamus has failed to demonstrate that but for defense counsel's failure to object to Davis' testimony about his prior statement to police, the outcome of this trial probably would have been different. Accordingly, no prejudice resulting from counsel's deficient performance has been demonstrated, and hence ineffective assistance of counsel has not been shown.
Polhamus additionally complains that defense counsel performed deficiently by failing to request a jury instruction on accident. According to the defense, Clifford Polhamus became involved in order to defend his son, Joe Polhamus, from Doseck's threatening behavior in picking up a sledgehammer during the confrontation between Joe and Doseck. Clifford Polhamus then scuffled with Doseck, attempting to wrestle the hammer away from Doseck. Polhamus now argues that, consistent with these events, defense counsel should also have requested an instruction on accident.
An affirmative defense is either a defense expressly designated as affirmative or "[a] defense involving an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence." R.C. 2901.05(C)(2). Affirmative defenses in Ohio include self-defense, duress, insanity and intoxication. State v. Poole
(1973), 33 Ohio St.2d 18. Accident is not an affirmative defense in Ohio. Id.; State v. Smith (May 10, 1996), Miami App. No. 95-CA-17, unreported. In contrast to the affirmative defenses, which do not deny or contradict the State's evidence, a claim of accident negates the mental state required for the offense charged, which the State must prove beyond a reasonable doubt.Baldwin's Ohio Criminal Law, (Katz and Gianelli, Section 91.2, p. 204.
Defendant Polhamus was charged with Felonious Assault, R.C.2903.11(A)(2), which states: "No person shall knowingly [c]ause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance . . ." Polhemus argues that he had a viable claim of accident as a defense for two reasons.
First, Polhamus suggests that the evidence concerning his scuffle with Dosek, which was mixed, supports a finding that Dosek's injuries, or some of them, were accidental. However, the culpable mental state required for a violation of R.C.2903.11(A)(2) is not that the accused acted "purposely," that is with a specific intention to cause a certain result. R.C.2901.22(A). Rather, it is that the accused acted "knowingly," that is, that regardless of his purpose he was aware that his conduct would probably cause that result. R.C. 2901.22(B). When Defendant Polhamus elected to enter the affray involving his son and Dosek, to fend off Dosek, he thereby was charged with an awareness of the probable result with respect to the injuries that Dosek suffered. The fact that he did not specifically intend to inflict them does not demonstrate that he failed to act knowingly.
Second, Polhamus argues that because the court refused his request to instruct on self-defense, it was then required to instruct on accident. Polhamus cites State v. Champion (1924),109 Ohio St. 281, and State v. Barnd (1993), 85 Ohio App.3d 254, which held that because self- defense and accident are mutually exclusive claims, a defendant may request one or the other, but not both. However, it is no corollary to that principle that, having refused one, the court must give the other. In some situations, neither instruction is proper. That is the case here, at least with respect to the accident claim.
Counsel's performance was not deficient under the standards imposed by Strickland and Bradley on account of his failure to request an accident instruction on his client's behalf.
The third assignment of error is overruled.
Having overruled the assignments of error presented, we will affirm Defendant-Appellant's conviction.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
Kirsten A. Davies, Esq.
Larry J. Denny, Esq.
Hon. Adele M. Riley