JUDGMENT ENTRY
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Terry Craig challenges the weight and the sufficiency of the evidence adduced in a bench trial to support his conviction for firing a .45-caliber semiautomatic pistol in his apartment, in violation of R.C. 2923.161(A). The bullet traveled through his ceiling and into the occupied apartment above his own.
Craig claims that, due to a unique defect in his weapon, it discharged accidentally while he was manipulating the receiver slide. See State v. Poole (1973), 33 Ohio St.2d 18,294 N.E.2d 888; see, also, State v. Stubblefield (Feb. 13, 1991), Hamilton App. No. C-890597, unreported.
All the evidence at trial, including the testimony of Craig's expert witness, indicated that, despite the claimed defect, the weapon would not have discharged without Craig's finger on the trigger. Moreover, the police officer who responded to the neighbor's emergency call testified that Craig told him that he "pointed the gun at the ceiling [and] pulled the trigger." The record contains substantial, credible evidence from which the trial court could have reasonably concluded that all elements of the crime — including that Craig knowingly discharged the weapon were proven beyond a reasonable doubt. State v.Waddy (1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338. The second assignment of error is overruled.
Our review of the entire record also fails to persuade us that the trial judge clearly lost his way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211; State v. Thompkins (1997), 78 Ohio St.3d 380,387, 678 N.E.2d 541, 546-547. The trial judge resolved the factual disputes in favor of the state and chose to believe that Craig, as he told the investigating officer at the scene, pulled the trigger of the weapon, rather than accidentally discharging the weapon by "racking it back," as he contended in court. SeeState v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. The first assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., DOAN and GORMAN, JJ.