JOURNAL ENTRY AND OPINION
{¶ 1} Morrey Norris appeals his conviction pursuant to a bench trial held in the common pleas court, criminal division. After reviewing the record and the arguments of the parties, we affirm the conviction for the reasons set forth below.
 {¶ 2} On January 29, 2004, appellant was arrested, along with a codefendant, in connection with crimes involving drugs and drug trafficking. A Cuyahoga County Grand Jury later indicted him in Case No. CR-448185, which named appellant in the first six counts and count twelve, and named the codefendant in the remaining counts. The indictment specifically charged appellant with four counts of trafficking in drugs, in violation of R.C. 2925.03 (with two of those counts carrying major drug offender specifications); two counts of possession of drugs, in violation of R.C. 2925.11 (with one of those counts carrying a major drug offender specification); and one count of possession of criminal tools, in violation of R.C. 2923.24. Appellant pleaded not guilty to all charges.
 {¶ 3} On November 1, 2004, he waived his right to a jury, and a bench trial subsequently commenced with appellant basing his defense on the theory of entrapment. At the conclusion of the bench trial, the lower court found that he had failed to prove entrapment and found him guilty on all counts. The lower court then proceeded to sentence him to a total of ten years incarceration, the mandatory minimum sentence due to the major drug specification convictions. His sentence also subjected him to mandatory five years of post-release control.
 {¶ 4} Appellant now appeals his conviction asserting three assignments of error:
 {¶ 5} "I. APPELLANT WAS DENIED HIS DUE PROCESS RIGHTS TO A FAIR TRIAL WHEN THE COURT DETERMINED THAT APPELLANT FAILED TO ESTABLISH THE AFFIRMATIVE DEFENSE OF ENTRAPMENT BY PREPONDERANCE OF THE EVIDENCE.
 {¶ 6} "II. APPELLANT WAS DENIED HIS EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION.
 {¶ 7} "III. THE APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 Entrapment Defense {¶ 8} In his first assignment of error, appellant argues that the trial court erred in failing to find that he had proven entrapment by a preponderance of the evidence. In defining entrapment, the Ohio Supreme Court, in State v. Doran (1983), 5 Ohio St.3d 187, 449 N.E.2d 1295, stated:
 {¶ 9} "The defense of entrapment is established where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute." Id.
 {¶ 10} Entrapment is an affirmative defense as defined under R.C.2901.05(C)(2). Furthermore, as held by the Ohio Supreme Court in theDoran case, Ohio defines the defense of entrapment under the subjective test. State v. Doran, supra. As such, our sole focus is on the predisposition of the accused to commit the offense for which he is charged. Id. To that end, "[w]hile by no means an exhaustive list, the following matter would certainly be relevant on the issue of predisposition: (1) the accused's previous involvement in criminal activity of the nature charged, (2) the accused's ready acquiescence to the inducements offered by the police, (3) the accused's expert knowledge in the area of the criminal activity charged, (4) the accused's ready access to contraband, and (5) the accused's willingness to involve himself in criminal activity." Id.
 {¶ 11} "Consequently, where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute, the defense of entrapment is established and the accused is entitled to acquittal. However, entrapment is not established when government officials `merely afford opportunities or facilities for the commission of the offense' and it is shown that the accused was predisposed to commit the offense." State v. Nemeckay (Dec. 20, 1990), Cuyahoga App. No. 57235, citing Doran, supra.
 {¶ 12} Finally, since entrapment is characterized as an affirmative defense, R.C. 2901.05(A) provides that the accused has the burden of going forward as well as the burden of proving the defense by a preponderance of the evidence. Id.
 {¶ 13} In the case at bar, the record clearly reflects appellant's predisposition to commit the crimes for which he was convicted. Appellant's entrapment defense is based upon the state's use of an informant in forming its case, and he argues that the informant induced him into committing an offense to which he would not otherwise be predisposed. However, a thorough review of the record demonstrates that the state's use of an informant merely afforded appellant the opportunity to commit an offense of which he was predisposed to commit and did not induce the commission into the mind of an innocent person.
 {¶ 14} The informant ("Informant") in this case was a person who had, pursuant to a plea deal with the state, agreed to work with the police after being arrested for drug possession. Informant testified that he had met appellant one night through a mutual friend and that during the course of an evening of smoking marijuana with appellant, appellant divulged the fact that he also sells marijuana and other "stuff." Appellant further informed Informant that he had a friend coming in with crack cocaine. With this information, Informant consequently contacted Detective Cuadra of the Cleveland Police Department Narcotics Unit.
 {¶ 15} Once the Cleveland Police became involved, they arranged several interactions between Informant and appellant in order to investigate the situation. These interactions included a tape recorded telephone call and two arranged drug deals where Informant was given buy money to purchase cocaine from appellant and was fitted with a listening and recording device. After the second of these arranged drug transactions, the Cleveland Police, working with special agents from the Drug Enforcement Administration ("DEA"), arrested both appellant and his supplier, a codefendant not a party to this appeal.
 {¶ 16} As he unsuccessfully did at trial, appellant now asserts that these actions by the Informant and the state prove by a preponderance of the evidence the affirmative defense of entrapment. However, viewing the totality of the evidence presented at trial supports the trial court's ruling that appellant had a predisposition to selling drugs; thus, he cannot sustain an entrapment defense.
 {¶ 17} First, there is testimony by both Informant and Special Agent John Clayton of the DEA that appellant admitted at least to selling marijuana. Again, as previously stated, Informant further testified that appellant told him he sold other "stuff" and that he knew someone coming in with cocaine. Furthermore, the recorded conversations between Informant and appellant, which were submitted into evidence in this case, demonstrate both an unfettered willingness on appellant's part to participate in these drug transactions and a knowledge of these matters that suggests this was not appellant's first drug deal, including: Appellant never told Informant that he did not sell drugs; appellant specifically required a portion of the sale for his "profit;" appellant was able to price quantities of cocaine when asked by Informant; and appellant appeared well versed in drug language by referencing things such as "eight ball" and "rocked up."
 {¶ 18} Collectively, this evidence, as well as the physical evidence of the drugs, scales, and buy money found connected to appellant, demonstrate a clear predisposition on the part of appellant. Thus, appellant's entrapment contention fails and his first assignment of error is without merit.
 Ineffective Assistance of Counsel {¶ 19} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Stricklandv. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; Statev. Brooks (1986), 25 Ohio St.3d 144, 25 Ohio B. 190, 495 N.E.2d 407.
 {¶ 20} In reviewing a claim of ineffective assistance of counsel, itmust be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985),17 Ohio St.3d 98, 17 Ohio B. 219, 477 N.E.2d 1128; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299, 209 N.E.2d 164.
 {¶ 21} The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, that:
 {¶ 22} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. Fist, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." Statev. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498,358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668. * * *
 {¶ 23} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365
(1981).' Strickland, supra, at 691. To warrant reversal, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *.
 {¶ 24} "Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley,
supra, at 141, 142.
 {¶ 25} In the case sub judice, appellant's contention falls short in either step of the above analysis. Appellant asserts that he was provided ineffective assistance of counsel due to his attorney's failure to obtain telephone records that allegedly would have revealed up to 25 telephone calls made by Informant to induce appellant to sell him cocaine. Appellant's argument here fails for several reasons.
 {¶ 26} First, he fails to provide any substantive evidence of ineffective performance on counsel's part. There is no evidence, other than appellant's word, that these alleged telephone calls ever took place. Perhaps counsel reviewed these records and found they actually weakened appellant's credibility. Any view of the alleged telephone record would be speculative and improper. In the end, this is a tactical decision on the part of counsel, and this court holds a strong presumption of the competency of an attorney in making those decisions.
 {¶ 27} Furthermore, even if this court were to presume that these telephone records show a large number of calls made by Informant, as appellant alleges, appellant does not provide any substantive proof of their content. Therefore, it cannot be shown that their exclusion affected the outcome of the case. No evidence is presented to prove any coercive persuasion on Informant's part, and this court will not presume any.
 {¶ 28} Finally, counsel's conduct that appellant alleges is ineffective does not appear to have any effect on the determination of predisposition by the trial court. Therefore, appellant falls well short of satisfying either portion of the two-step analysis to sustain an appeal alleging ineffective assistance of counsel. Thus, appellant's second assignment of error is also found to be without merit.
 Manifest Weight {¶ 29} Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City of Cleveland (1948),150 Ohio St. 303, 345, 82 N.E.2d 709.
 {¶ 30} The United States Supreme Court recognized the distinctions in considering a claim based upon the manifest weight of the evidence as opposed to sufficiency of that evidence. The court held in Tibbs v.Florida, (1982) 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652, that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43. Upon application of the standards enunciated in Tibbs, the court inState v. Martin (1983), 20 Ohio App.3d 172, 20 Ohio B. 215,485 N.E.2d 717, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 31} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Martin, at 720.
 {¶ 32} After a thorough review of the entire record, this court does not find that the trier of fact in this case clearly lost its way in convicting appellant in this case. As previously stated, an entrapment defense is an affirmative defense. "An affirmative defense is in the nature of a confession and avoidance, in which the defendant admits the elements of the crime, but seeks to prove some additional fact that absolves the defendant of guilt." State v. DeJesus (Feb. 23, 1995), Cuyahoga App. No. 66847, referencing Walden v. State (1989),47 Ohio St.3d 47, 50, 547 N.E.2d 963; State v. Curry (1989),45 Ohio St.3d 109, 111, 543 N.E.2d 1228; State v. Poole (1973),33 Ohio St.2d 18, 19, 294 N.E.2d 888.
 {¶ 33} Here, appellant has essentially admitted to his guilt of the crimes for which he was convicted by proffering an entrapment defense. Appellant's contention is that the manifest weight of the evidence proves his entrapment defense by a preponderance of the evidence. The same facts and reasoning that demonstrate why appellant's first assignment of error fails also demonstrate why this assignment of error fails. The record is clear that appellant's conduct renders him guilty of the crimes for which he was convicted and that he has shown a predisposition that would cause any entrapment defense to fail.
 {¶ 34} All of appellant's contentions in this appeal are found to be without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Calabrese, Jr., J., concur.