DECISION
{¶ 1} Defendant-appellant, Kennard Peoples ("appellant"), moves this court pursuant to App. R. 26(A) to reconsider our opinion in Columbus v. Peoples, 10th Dist. No. 05AP-247,2006-Ohio-1718. Therein, we affirmed the judgment of the Franklin County Municipal Court convicting appellant of criminal trespass in violation of Columbus City Code 2311.21 and assault in violation of Columbus City Code 2303.13.[1]
Plaintiff-appellee State of Ohio ("appellee"), filed a memorandum in opposition to appellant's motion for reconsideration.
 {¶ 2} "App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." State v. Owens (1997),112 Ohio St.3d 334, 336, 678 N.E.2d 956, dismissed, appeal not allowed, 77 Ohio St.3d 1487, 673 N.E.2d 146. Thus, in considering an application for reconsideration, we have stated that the proper standard for our review is whether the application "calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." Columbus v. Hodge (1987), 37 Ohio App.3d 68,523 N.E.2d 515, citing Matthews v. Matthews (1981),5 Ohio App.3d 140, 5 OBR 320, 450 N.E. 2d 278.
 {¶ 3} "App.R. 26 does not provide specific guidelines to be used by an appellate court when determining whether a decision should be reconsidered or modified." Id. at 335. The effect of an alleged error on the holding or analysis of a case is often determinative of whether the decision should be reconsidered.[2]
 {¶ 4} Appellant seeks reconsideration of our determination on his second assignment of error, in which he asserted:
IF THE ASSAULT CONVICTION IS SUPPORTED BY THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE, THEN THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE UNEQUIVOCALLY DEMONSTRATED THAT THE SECURITY GUARDS WERE THE FIRST TO USE FORCE AGAINST THE DEFENDANT AND THAT THE DEFENDANT WAS JUSTIFIED IN RESPONDING TO THIS USE OF FORCE IN DEFENSE OF HIS OWN PERSON.
 {¶ 5} In our April 4, 2006 opinion, we noted that the defense of self-defense is an affirmative defense and a defendant bears the burden of proving the elements of self-defense by a preponderance of the evidence. Citing State v. New, 10th
Dist. No. 05AP-262, 2005-Ohio-6471, we noted the elements of self-defense were that a "defendant must prove: (1) that he was not at fault in creating the violent situation; (2) that he had a bona fide belief that he was in imminent danger of death or great bodily harm; and (3) that his only means of escape was the use of force."
 {¶ 6} In considering the defense of self-defense, we noted that the Supreme Court of Ohio has stated that self-defense "admits the facts claimed by the prosecution and then relies on independent facts or circumstances which the defendant claims exempt him from liability." State v. Martin (1986),21 Ohio St.3d 91, 94, 21 OBR 386, 488 N.E.2d 166, citing State v. Poole
(1973), 33 Ohio St.2d 18, 19, 62 O.O.2d 340, 294 N.E.2d 888, We also relied on State v. Powell (Sept. 29, 1997), 4th Dist. No. 96CA2257, which held that a defendant who testified at trial claiming absolute innocence could not simultaneously avail himself to the defense of self-defense. Therefore, in the instant case, as appellant testified at trial that he did not strike Officer Nalbach, we determined that appellant could not avail himself to the defense of self-defense on appeal.[3]
Consequently, we overruled appellant's second assignment of error.
 {¶ 7} In his motion for reconsideration, appellant asserts that as this case does not involve danger of death or great bodily harm, we erroneously cited to, and relied on, the elements of self-defense as set forth in New, supra. Appellant further asserts that this court held that a defendant must admit committing an offense before the defendant may assert self-defense as a justification, and thus this court failed to properly consider resulting constitutional implications from such holding. Specifically, appellant argues that the holding of this court requires that before a defendant can assert the defense of self-defense, he must first waive his rights pursuant to theFifth Amendment to the United States Constitution and affirmatively admit committing the underlying offense.
 {¶ 8} In response, appellee contends that appellant's motion for reconsideration is rendered moot by this court's determination that the verdict was not against the manifest weight of the evidence. In addition, appellee argues that our opinion does not hold that a defendant must admit committing an offense in order to assert the defense of self-defense, but holds that appellant cannot assert on appeal that the trial court erred by failing to consider self-defense when appellant testified at trial that he never defended himself. Finally, appellee asserts that because this court did not rely on New, supra, that any error by citing New was harmless and not "obvious."
 {¶ 9} We neither relied on, nor applied, the elements of self-defense as set forth in New, supra, in reaching our holding. Instead, we determined that a defendant cannot avail himself of the defense of self-defense on appeal when the defendant testifies at trial and unequivocally denies committing the offense of assault. Thus, the discussion and reference toNew was not necessary to our analysis of the facts presented and our holding.
 {¶ 10} Appellant also raises constitutional concerns from our holding stating that it stands for the proposition that a defendant must testify at trial that he committed an offense before asserting the affirmative defense of self-defense in violation of the Fifth Amendment. Contrary to appellant's assertion, we did not hold that a defendant must testify at trial and admit committing an offense before asserting the defense of self-defense. Rather, based on the facts presented, we held this appellant could not assert on appeal that the trial court erred by failing to consider self-defense in rendering its verdict for assault because appellant testified at his trial denying hitting Nalbach. We did not hold that a defendant may only claim self-defense if he waives his Fifth Amendment rights and testifies.
 {¶ 11} For the foregoing reasons, we perceive no obvious error on which we relied in our earlier opinion overruling appellant's second assignment of error, nor do we perceive any failure to consider an issue that we should have considered. Accordingly, we deny appellant's motion for reconsideration.
Motion for reconsideration denied.
Klatt, P.J., French, J., concur.
[1] See Peoples, supra, for a full recitation of the facts leading to appellant's conviction.
[2] See Kennedy v. Kennedy, 7th Dist. No. 2002 CO 09, 2003-Ohio-1078 (erroneous statement of fact in an opinion does not necessarily require granting a motion to reconsider); see, also, Blackburn v. Springer (Sept. 7, 1994), 4th Dist. No. 93CA2161(court observed on reconsideration that even if it erroneously relied on a matter outside the record in an appeal on summary judgment, the alleged error did not change its conclusion in the case, and therefore denied the motion to reconsider).
[3] Appellant's testimony on direct examination was as follows:
Q. Did you at any time strike Officer Nalbach?
A. Didn't have a chance to.
Q. Did you at any time strike Officer Reynolds?
A. No, ma'am. I didn't have a chance.
Q. Did you strike any of the officers involved?
A. No, ma'am. I didn't have a chance to.
(Tr. 56-57.)