[Cite as *State v. Jones*, 2015-Ohio-4986.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102542**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SAMUEL S. JONES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576773-A

**BEFORE:** Stewart, J., E.T. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 3, 2015

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square, Suite 1616
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Jillian Eckart
Margaret A. Troia
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} A jury found defendant-appellant Samuel Jones guilty of two counts of felonious assault with a firearm specification and having a weapon while under disability. The convictions stemmed from an incident in which Jones, having been ejected from a bar for unruly behavior, retrieved a firearm and shot a security guard who worked at the bar. Jones appeals, complaining that there was insufficient evidence to prove that he acted with the requisite mental state to commit felonious assault, that the verdict is against the manifest weight of the evidence, and that the court should have instructed the jury on the defense of mistake.

{¶2} In his first assignment of error, Jones complains that the state failed to present sufficient evidence to show that he knowingly caused serious physical harm to the victim. He maintains that the firearm accidentally discharged.

{¶3} The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects a defendant in a criminal case against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The relevant inquiry for an appellate court presented with a claim that the evidence at trial was constitutionally insufficient is "whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**{¶4}** Jones complains only about Count 1, which charged him under R.C. 2903.11(A)(2) with knowingly causing physical harm by means of a firearm (the second count charged Jones with causing serious physical harm under R.C. 2903.11(A)(1), a count that he does not contest on appeal). As applied to Jones, the word "knowingly" describes a mental state where, regardless of his purpose, Jones was aware that his conduct would probably cause a certain result or would probably be of a certain nature. *See* R.C. 2901.22(B).

**{¶5}** The evidence, viewed most favorably to the state, showed that Jones had been ejected from a bar for fighting with a woman. Jones was disinclined to leave and a security guard who escorted Jones from the bar had to "manhandle" Jones out the door. As Jones was being shown the door, one witness heard him say to some of the security guards that "I'm going to get my gun," while another witness heard Jones say, "I got something for you." True to his word, Jones went to his car in the parking lot and retrieved a gun. An acquaintance of Jones tried to prevent him from going back into the bar, but Jones resisted. The acquaintance tried to block Jones's path to the entrance, but this led to an altercation where Jones fired a shot into the air. Jones then went inside the bar. Having heard the shot fired outside, security was ready at the entrance. As Jones reentered the bar, he reached into the waistband of his pants and started to pull out a gun, while at the same time saying, "I told you I got something for you." Security personnel tried to disarm Jones, but the gun discharged and struck the victim (a security guard different from the one who escorted Jones from the bar) in the leg.

{¶6} Two police officers who were in the area corroborated much of this testimony. The officers were in front of the bar after responding to a different call and their attention was drawn to two men in the parking lot, one of whom was pushing back the other. The two men stopped wrestling and approached the front door of the bar, but a security guard was blocking the door. One officer testified that "we can see the one male pull a gun, and then we see he shoots the bartender — the bouncer." The second officer testified that Jones "reached in his waistband with his left hand, pulled out the gun, pointed it at the security guard/bouncer * * *, pointed the gun at point-blank range and shot at him like within inches of him and then just walked out the entrance of the bar with the gun in his left hand like nothing happened."

{¶7} This evidence was sufficient to establish that Jones knowingly caused physical harm by means of a firearm. Jones not only claimed he was going to get his gun as he was being ejected from the bar, he took the affirmative step of reaching for the gun while at the same time making a taunt about his intentions to use it. The jury could rationally have viewed this evidence as showing that Jones knowingly discharged the firearm consistent with the elements of R.C. 2903.11(A)(2).

{¶8} Jones argues that the evidence showed nothing more than his ineptitude in handling a firearm, but this argument goes to the weight of the evidence, not whether the evidence was legally sufficient to prove the elements of felonious assault under R.C. 2903.11(A)(2). We consider this specific argument in the context of Jones's second assignment of error.

{¶9} In his second assignment of error, Jones complains that the jury's verdict is against the manifest weight of the evidence because he believes it is more credible that he accidentally discharged the gun.

{¶10} The manifest weight of the evidence standard of review requires us to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Otten*, 33 Ohio App.3d 339, 340, 515 N.E.2d 1009 (9th Dist.1986). The use of the word "manifest" means that the trier of fact's decision must be plainly or obviously contrary to all of the evidence. This is a difficult burden for an appellant to overcome because the resolution of factual issues resides with the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

{¶11} The jury did not lose its way in finding that Jones acted with the requisite intent to cause the victim physical harm by means of a firearm. Jones had been forcibly ejected from the premises and made threats to "get my gun." He not only retrieved his gun, but fired it in the parking lot before entering the premises despite his acquaintance's plea that "it ain't worth it." After reentering the bar, he was seen removing the gun from

the waistband of his pants while at the same time, claiming to make good on his threats upon being ejected from the bar.

{¶12} Jones argues that the gun accidentally discharged. He maintains that as he pulled the gun from the waistband of his pants, the gun was pointed downward and that it only discharged after the victim reached for the gun and initiated a struggle for it. While that may be one possible explanation, it was not the only possible explanation. The jury could reasonably conclude that given Jones's threat to return to the bar — and his persistence in doing so in the face of opposition from his acquaintance — his act of pulling out the gun in front of the security guard was sufficiently indicative of his intent to shoot. So the jury could find that an attempt by the security guard to disarm Jones was an act of self-defense that may have saved the security guard from being shot point-blank and not the cause of it accidentally firing.

{¶13} Jones's third assignment of error is that the court should have instructed the jury on the defense of accident.[1] Jones concedes that he did not request an accident instruction and has forfeited the right to raise it on appeal, but argues that the court's failure to give the instruction was plain error despite the forfeiture.

{¶14} Appellate courts have the discretion to correct "[p]lain errors or defects affecting substantial rights" even if the defendant fails to bring those errors to the court's attention. Crim.R. 52(B). In this context, it means that an error, plain though it may be,

---

[1]Although the third assignment of error uses the phrase "affirmative defense of mistake," the body of Jones's argument refers only to the defense of accident, so we limit our discussion to accident. *See* App.R. 16(A)(7).

must be one where there is "a reasonable probability that the error resulted in prejudice[.]" *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. And even if the defendant manages to show the existence of an error that is plain and that there is a reasonable probability that the error resulted in prejudice, the appellate court still has the discretion to apply Crim.R. 52(B). *Id.* at ¶ 24 (rejecting the notion that forfeited error can be presumptively prejudicial and reversible error per se).

{¶15} The defense of "accident" applies when a result occurs unintentionally and without any design or purpose to bring it about. *State v. Talley*, 8th Dist. Cuyahoga No. 87143, 2006-Ohio-5322, ¶ 45. "Accident" is not an affirmative defense. *State v. Poole*, 33 Ohio St.2d 18, 20, 294 N.E.2d 888 (1973). This is because an accident is an event where the defendant denies any intent to commit the unlawful act. *Id.* In contrast, a "mistake of fact" is an affirmative defense because the defendant intends to commit the conduct alleged, but does so with a honest purpose such that the mistake negates the required mental state. *State v. Parrett*, 12th Dist. Fayette No. CA2014-02-002, 2014-Ohio-4524, ¶ 5; *State v. Cooper*, 10th Dist. Franklin No. 09AP-511, 2009-Ohio-6275, ¶ 9, citing *Farrell v. State*, 32 Ohio St. 456, 459-460 (1877).

{¶16} Given the uncontradicted evidence that Jones made threats upon being ejected from the bar, retrieved his gun over his acquaintance's objections, fired the gun outside the bar, and took the step of removing the gun from the waistband of his pants as he approached the door of the bar, we see no reasonable probability that the jury would have found that the gun discharged accidentally. Jones's intent to fire his gun could be

found by his words and his actions, and nothing in his actions indicated anything other than that he intended to use the gun.

**{¶17}** We also note that defense counsel raised the issue of accident as a theory of the case, albeit not by name. For example, defense counsel stated in closing argument that the victim testified only that the "the gun went off" during the struggle, arguing that "[t]hese are not words to describe an intentional shooting." The jury was thus well aware that Jones was relying on the theory that the gun discharged accidentally, so the jury's guilty verdict had to be viewed as a rejection of that theory even without an express instruction. With the theory of accident so prominent as a defense at trial, we have no reason to conclude that Jones had a reasonable probability of succeeding had the court given the instruction as now argued.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN T. GALLAGHER, P.J., and

PATRICIA ANN BLACKMON, J., CONCUR