**The STATE of Ohio, Appellee,**

**v.**

**CIHONSKI, Appellant.**

[Cite as *State v. Cihonski*, 178 Ohio App.3d 713, 2008-Ohio-5191.]

Court of Appeals of Ohio,
Third District, Van Wert County.

No. 15–08–04.

Decided Oct. 6, 2008.

</div>

Charles F. Kennedy III, Van Wert County Prosecuting Attorney, and Eva J. Yarger, Assistant Prosecuting Attorney, for appellee.

W. Edward Hatcher, for appellant.

---

ROGERS, Judge.

{¶ 1} Defendant-appellant, Victor E. Cihonski Jr., appeals the judgment of the Van Wert County Court of Common Pleas, convicting him of failure to comply with an order or signal of a police officer. On appeal, Cihonski asserts that the trial court erred by allowing the prosecutor to make statements and introduce evidence regarding his assertion of his Fifth Amendment rights; that the trial court erred by failing to notify the jury that he had entered a plea of not guilty by reason of insanity and by failing to instruct the jury on a plea of not guilty by

reason of insanity; that the trial court violated his Sixth Amendment right to self-representation; that his counsel was ineffective; and that his conviction was not supported by sufficient evidence. Finding that Cihonski's counsel was ineffective and that the trial court erred by failing to notify the jury of Cihonski's plea of not guilty by reason of insanity, and by failing to instruct the jury on such a plea, we reverse the judgment of the trial court.

{¶ 2} In June 2007, the Van Wert County Grand Jury indicted Cihonski on one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B)(C)(5)(ii), a felony of the third degree. The indictment arose from an incident during which Cihonski fled from a police officer who was executing a traffic stop of his vehicle. In June 2007, Cihonski entered a plea of not guilty at his arraignment hearing.[1]

{¶ 3} In July 2007, Cihonski entered a written plea of not guilty by reason of insanity ("NGRI"), pursuant to R.C. 2943.03(E), which the trial court accepted, and moved the trial court for a competence evaluation and a mental evaluation.

{¶ 4} In October 2007, the trial court found Cihonski competent to stand trial.

{¶ 5} In December 2007, the case proceeded to jury trial during which the following testimony was heard.

{¶ 6} Deputy James Roehm of the Van Wert Sheriff's Office testified that on May 7, 2007, he observed Cihonski driving a vehicle and exceeding the speed limit on Lincoln Highway near Van Wert; that he executed a traffic stop; that he examined Cihonski's information and discovered that his driver's license was suspended in Indiana and that the vehicle was reported as stolen from Indiana; that Cihonski did not exhibit any visible signs of panic or anxiety when the officer informed Cihonski of this fact; that Cihonski proceeded to roll up his window; that the officer knocked on the window with his flashlight, signaling for Cihonski to roll the window down; that Cihonski then "slammed on the gas and sped away"; that he pursued Cihonski with his lights and sirens on for approximately eight and one-half miles at approximately 112 miles per hour, but was unable to catch up to him; that another officer set up "stop-sticks," which deflated the front tires of Cihonski's vehicle, but Cihonski continued driving at a high rate of speed on his flat tires; and that Cihonski drove through a cornfield until he came to a ditch and then exited the vehicle and lay face-down in the ditch.

{¶ 7} Cihonski testified that he was attempting to drive from Kentucky to Indiana with his mother when he became lost in Ohio; that he had left a psychiatric hospital several days earlier where he was treated for anxiety and

---

1. We note that the transcript of the arraignment hearing is dated June 6, 2006; however, we assume the year is in error, given that the indictment and testimony indicate that the offense took place in 2007.

panic attacks; that a police officer in Van Wert pulled up behind him, and he stopped; that the police officer informed him that the vehicle had been reported stolen and his license was suspended; that he rolled up his window to explain the situation to his mother when the police officer started striking the window with his flashlight; that, at that point, he became terrified and had a "reflex action" that was like "getting [his] hand out of a hot fire" and drove the vehicle away at a high rate of speed; that "[Deputy Roehm] was aggressive and violent toward [him and his mother] and at that point, the first [sic] was how to get away from him and worry later what he is trying to do"; that he drove away as a result of a panic attack; and that he informed Deputy Roehm that he had a panic problem after his arrest.

{¶ 8} At the close of testimony, the trial court instructed the jury that "[t]he plea of not guilty is a denial of the charges and puts in issue all the essential elements of the offense." The instructions did not mention insanity, nor was the jury informed that Cihonski had entered a plea of NGRI.

{¶ 9} Thereafter, the jury found Cihonski guilty, and the trial court sentenced him to a three-year prison term.

{¶ 10} It is from this judgment that Cihonski appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

The trial court committed error by allowing the prosecutor to make statements and introduce evidence regarding appellant's assertion of his Fifth Amendment rights.

*Assignment of Error No. II*

The trial court committed plain erred [sic] when it failed to notify the jury that appellant had entered a not guilty plea by reason of insanity and by failing to give a jury instruction on a not guilty by reason of insanity plea.

*Assignment of Error No. III*

The trial court denied appellant of his Sixth Amendment right to self-representation.

*Assignment of Error No. IV*

Appellant was denied the right to effective assistance of counsel and he was prejudiced as a result.

*Assignment of Error No. V*

The state failed to present sufficient evidence of each and every element of failure to comply with order or signal of police officer in violation of Ohio Revised Code 2921.331(B)(C)(5)(II) as alleged in count one of the indictment for a jury to find that the appellant committed the crime beyond a reasonable doubt.

{¶ 11} Due to the nature of Cihonski's assignments of error, we elect to address them out of order.

*Assignment of Error No. II*

{¶ 12} In his second assignment of error, Cihonski contends that the trial court erred when it failed to notify the jury that he had entered a plea of not guilty by reason of insanity and when it failed to instruct the jury on pleas of NGRI. Specifically, Cihonski argues that because he had filed a plea of NGRI with the trial court prior to trial, and because he presented evidence that his actions were not voluntary, the defense of insanity was raised and should have been defined for the jury. We agree that the trial court should have informed the jury that Cihonski had entered a plea of NGRI and instructed the jury on such a plea.

{¶ 13} Initially, we note that the trial court found Cihonski competent to stand trial. The test to determine competency to stand trial is whether the defendant " 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.' " *State v. Hartman,* 174 Ohio App.3d 244, 2007-Ohio-6555, 881 N.E.2d 891, ¶ 13, quoting *Dusky v. United States* (1960), 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824. Conversely, R.C. 2901.01(14) discusses pleas of NGRI, and provides: "A person is 'not guilty by reason of insanity' relative to a charge of an offense only if the person proves, in the manner specified in section 2901.05 of the Revised Code, that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts." As the standards are different, it follows that a court's determination that a defendant is competent to stand trial does not preclude that defendant from asserting an insanity defense or entering a plea of NGRI. See *State v. Tenace* (1997), 121 Ohio App.3d 702, 700 N.E.2d 899. Thus, Cihonski was not barred from asserting an insanity defense or entering a plea of NGRI simply because he was found competent to stand trial.

{¶ 14} Here, despite the fact that Cihonski entered a plea of NGRI, the trial court neither informed the jury that he had entered this plea, nor instructed the jury on pleas of NGRI. Additionally, the record reflects that neither the state nor Cihonski's counsel mentioned the plea at trial—thus, the jury was not notified in

any way of Cihonski's plea. We also find no withdrawal of the plea. It appears, as Cihonski's brief speculates, that all parties involved "forgot" that he had entered a plea of NGRI.

{¶ 15} Generally, errors alleged in jury instructions to which no objections were made are waived in the absence of plain error. *State v. Johnson,* 3d Dist. No. 16–03–09, 2004-Ohio-1513, 2004 WL 603622, ¶ 23; Crim.R. 52. In order to have plain error under Crim.R. 52(B), there must be an error, the error must be an "obvious" defect in the trial proceedings, and the error must have affected "substantial rights." *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. Plain error is to be used "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. Plain error exists only in the event that it can be said that "but for the error, the outcome of the trial would clearly have been otherwise." *State v. Biros* (1997), 78 Ohio St.3d 426, 431, 678 N.E.2d 891; *State v. Johnson* (June 30, 1999), 3d Dist No. 2–98–39, 1999 WL 455301.

{¶ 16} Here, Cihonski failed to object to the jury instructions or request that the jury be instructed on NGRI pleas. Thus, a court would generally analyze Cihonski's argument under a plain-error analysis.

{¶ 17} However, an error may be so egregious that it rises to the level of a structural error. *State v. Colon,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 ("*Colon I* "), on reconsideration, *State v. Colon,* 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 ("*Colon II* "). "Structural errors are 'constitutional defects that " 'defy analysis by "harmless error" standards' because they 'affect[ ] the framework within which the trial proceeds, rather than simply [being] an error in the trial process itself.' " ' " *Colon I,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 20, quoting *State v. Perry,* 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 17, quoting *State v. Fisher,* 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 9, quoting *Arizona v. Fulminante* (1991), 499 U.S. 279, 309– 310, 111 S.Ct. 1246, 113 L.Ed.2d 302. The Supreme Court of Ohio has held that this type of error may be raised for the first time on appeal because " '[s]uch errors permeate "[t]he entire conduct of the trial from beginning to end" so that the trial cannot ' " 'reliably serve its function as a vehicle for determination of guilt or innocence.' " ' " Id., quoting *State v. Perry,* 101 Ohio St.3d 118, 2004- Ohio-297, 802 N.E.2d 643, ¶ 9, quoting *Arizona,* 499 U.S. at 309–310, 111 S.Ct. 1246, 113 L.Ed.2d 302, quoting *Rose v. Clark* (1986), 478 U.S. 570, 577–578, 106 S.Ct. 3101, 92 L.Ed.2d 460.

{¶ 18} The Supreme Court of Ohio has held that in order to find a structural error, a court must first determine that the error " 'involves the deprivation of a constitutional right.' " *Colon I,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d

917, at ¶ 21, quoting *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 9. Additionally, the Supreme Court has held that when a defendant was represented by counsel and was tried by an impartial adjudicator, there is a presumption that errors are not structural and are subject to Crim.R. 52 harmless-error analysis. Id. at ¶ 78. The Supreme Court further stated that courts should exercise caution in finding an error to be structural:

> [T]o hold that an error is structural even when the defendant does not bring the error to the attention of the trial court would be to encourage defendants to remain silent at trial only to later raise the error on appeal where the conviction would be automatically reversed.

*Colon I*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, at ¶ 22. In fact, the Supreme Court has "rejected the concept that structural error exists in every situation in which even serious error occurred." *State v. Wamsley*, 117 Ohio St.3d 388, 2008-Ohio-1195, 884 N.E.2d 45, ¶ 18, citing *State v. Hill* (2001), 92 Ohio St.3d 191, 199, 749 N.E.2d 274.

{¶ 19} In summary, in order to find structural error, a court must (1) determine that a constitutional error has occurred, (2) conduct analysis under the presumption that the error is not structural, and (3) determine that the constitutional error has permeated the entire trial, rendering it unable to serve its function as a "vehicle" for determination of the defendant's guilt or innocence. Where a structural error is present under these factors, the Supreme Court " '*mandates* a finding of "per se prejudice." ' " (Emphasis sic.) *Colon I*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, at ¶ 20, quoting *Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 9.

{¶ 20} The United States Supreme Court has found structural errors warranting reversal in a very limited number of cases, including where the defendant was completely denied counsel, *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; where the trial judge was biased, *Tumey v. Ohio* (1927), 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749; where racial discrimination took place in grand jury selection, *Vasquez v. Hillery* (1986), 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598; where the defendant was denied self-representation at trial, *McKaskle v. Wiggins* (1984), 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122; where the defendant was denied a public trial, *Waller v. Georgia* (1984), 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31; and where the instruction on reasonable doubt was defective, *Sullivan v. Louisiana* (1993), 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182.

{¶ 21} Ohio courts have recognized structural error in a limited number of cases, including where a defective indictment led to multiple, significant errors throughout a trial, *Colon I, Colon II, State v. Glover*, 10th Dist. No. 07AP–832, 2008-Ohio-4255, 2008 WL 3878365; where the trial court did not allow a defen-

dant to make a closing argument absent express, intentional, and voluntary relinquishment, *State v. Garrard,* 170 Ohio App.3d 487, 2007-Ohio-1244, 867 N.E.2d 887; where the record strongly suggested that the trier of fact considered a defendant's silence, *In re K.B.,* 12th Dist. No. CA2006–03–077, 2007-Ohio-1647, 2007 WL 1041427; and where the trial court failed to determine whether a defendant's choice of self-representation was informed or to obtain the defendant's written waiver of right to counsel, *State v. Buckwald,* 8th Dist. No. 80336, 2002-Ohio-2721, 2002 WL 1265587.

{¶ 22} In the case before us, we must initially determine whether a constitutional error occurred. Section 10, Article I of the Ohio Constitution provides:

> In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed.

The trial court's failure to instruct the jury on Cihonski's defense of insanity violated his constitutional right to a trial by jury. Cf. *Colon I,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 31–32 (finding a defendant's trial to be unconstitutional where, among other errors, there was no evidence that the jury had considered a material element of the offense). Accordingly, we will continue our analysis and determine whether the constitutional error permeated the entire trial, rendering it unable to reliably serve its function.

{¶ 23} We are mindful of the strong presumption that errors are not structural; however, we conclude that the complete lack of mention of Cihonski's NGRI plea permeated the entire trial. In addition to the trial court's failure to inform the jury and instruct the jury on this plea, neither the state nor Cihonski's counsel mentioned the defense of insanity or alluded to pleas of NGRI. Accordingly, no evidence exists in the record that the jury even considered Cihonski's defense. In light of this fact, we conclude that the trial was unable to reliably serve its function. Thus, due to the unique facts and circumstances before us, we hold that the trial court's failure to notify the jury that Cihonski entered a plea of NGRI or to instruct the jury on that plea constituted structural error and warrants reversal.

{¶ 24} Accordingly, we sustain Cihonski's second assignment of error.

### Assignment of Error No. IV

{¶ 25} In his fourth assignment of error, Cihonski contends that he was denied effective assistance of counsel. Specifically, Cihonski argues that his

counsel was ineffective for failing to object to the state's references to his silence after his arrest; for failing to insist that the jury be notified that Cihonski had entered a plea of NGRI or to request a jury instruction on that plea; for failing to obtain an expert witness or to admit Cihonski's medical records in support of his defense of NGRI; and for failing to give a closing argument at trial. We agree that Cihonski's counsel was ineffective for failing to assure that the jury was notified about his plea of NGRI and for failing to request a jury instruction on the plea.

{¶ 26} An ineffective-assistance-of-counsel claim requires proof that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome at trial would have been different. Id. at paragraph three of the syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *State v. Waddy* (1992), 63 Ohio St.3d 424, 433, 588 N.E.2d 819, superseded by constitutional amendment on other grounds as recognized by *State v. Smith* (1997), 80 Ohio St.3d 89, 103, 684 N.E.2d 668.

{¶ 27} Furthermore, the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance. *State v. Malone* (1989), 2d Dist. No. 10564, 1989 WL 150798. "Ineffective assistance does not exist merely because counsel failed 'to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it.'" Id., quoting *Smith v. Murray* (1986), 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434.

{¶ 28} Finally, the Sixth Appellate District has held that "the right of a defendant who is competent to stand trial, but who insists that he was insane at the time of the crime, to choose what plea to enter is a substantial right." *Tenace*, 121 Ohio App.3d at 715, 700 N.E.2d 899.

{¶ 29} Here, as discussed in the second assignment of error, the record reflects that neither the state nor Cihonski's counsel mentioned his plea of NGRI at trial. Additionally, the trial court instructed the jury on pleas of not guilty and never mentioned insanity. Instead, it appears that all parties involved, including trial counsel, either forgot or ignored the plea of NGRI. It is clear from the record that the jury was never even made aware that Cihonski had entered a plea of not guilty by reason of insanity, and therefore, never considered that issue.

{¶ 30} Initially, we note that the record reflects that Cihonski was represented by different counsel at the time he entered his plea of NGRI from the time of trial. Although this may explain trial counsel's oversight, it does not excuse the

error.  An attorney substituting himself as counsel in a pending case has a duty to review previous filings in the case.  We also note that had trial counsel believed that the insanity defense was not viable under the facts and had he wished to pursue a different defense, he was free to withdraw the plea of NGRI, after consulting with Cihonski and obtaining his compliance.  We find that trial counsel's failure to even notify the jury of Cihonski's plea and defense fell below objective standards of reasonable representation.  Further, we find that Cihonski was clearly prejudiced by trial counsel's errors, as a defendant has a substantial right to enter a plea of NGRI as well as a constitutional right to trial by jury, and the jury was never made aware of the plea.  See *Tenace,* 121 Ohio App.3d 702, 700 N.E.2d 899.

{¶ 31} Accordingly, we sustain Cihonski's fourth assignment of error.

*Assignments of Error Nos. I, III, & V*

{¶ 32} Our disposition of Cihonski's second and fourth assignments of error renders his first, third, and fifth assignments of error moot, and we decline to address them.  App.R. 12(A)(1)(c).

{¶ 33} Having found error prejudicial to the appellant herein, in the particulars assigned and argued in his second and fourth assignments of error, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

<div align="right">

Judgment reversed
and cause remanded.
</div>

PRESTON and WILLAMOWSKI, JJ., concur.