THE STATE OF OHIO, APPELLEE, *v.* MONFORD, APPELLANT.

[Cite as *State v. Monford,* 131 Ohio St.3d 40, 2011-Ohio-6398.]

*Appeal dismissed as improvidently accepted.*

(No. 2010-1949—Submitted October 5, 2011—Decided December 15, 2011.)

APPEAL from the Court of Appeals for Franklin County, No. 09AP-274,

2010-Ohio-4732.

————————————

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, and CUPP, JJ., concur.

LUNDBERG STRATTON, LANZINGER, and MCGEE BROWN, JJ., dissent.

————————————

**LANZINGER, J., dissenting.**

{¶ 2} I respectfully dissent from the court's decision to dismiss this appeal as having been improvidently accepted. Although a conflict was not certified in this case, it is clear from the parties' briefs that two distinct perspectives exist on the issue of whether the failure of a trial court to address a plea of not guilty by reason of insanity ("NGRI") entered and not withdrawn by a defendant constitutes structural error. Appellant, LaRue Monford, advances the opinion of the Third District Court of Appeals in *State v. Cihonski*, 178 Ohio App.3d 713, 2008-Ohio-5191, 900 N.E.2d 212, ¶ 23, in which the court held that a trial court's failure to notify the jury of the defendant's NGRI plea constituted structural error and warranted reversal. Appellee, the state of Ohio, asserts that the Tenth District correctly decided that *Cihonski* is inapplicable to this case and that no structural error occurred.

**{¶ 3}** While I agree with the Tenth District that failure to withdraw an NGRI plea is not a structural error, the opposing viewpoints in this case highlight a need for guidance from this court on this issue of law. Appellant's brief contains examples of other defendants who have similarly failed to withdraw this type of plea, and it is likely that this situation will arise in the future. In the interest of judicial economy, I would address the issue now that it has been fully presented to us, and I would affirm the judgment of the court of appeals and hold that while a plea of NGRI should be withdrawn if it is not intended to be relied upon by the defense, the mere failure to state the withdrawal of the plea on the record is not a structural error that automatically leads to a reversal of the conviction.

## I. Case Background

**{¶ 4}** Monford was indicted in 2009 on charges of murder in violation of R.C. 2903.02, attempted murder in violation of R.C. 2923.02 and 2903.02, felonious assault in violation of R.C. 2903.11, and carrying a concealed weapon in violation of R.C. 2923.12, all stemming from a 2008 shooting incident that resulted in the death of Eugene Brown and injuries to Alisa Brown. Monford initially pled not guilty to the charges, but the trial judge later permitted him to additionally enter an NGRI plea. The court appointed a doctor to interview and evaluate Monford based on his NGRI plea, but no report was ever entered into the record. Before trial began, attorney Myron Shwartz, who had represented Monford when the NGRI plea was entered, became unavailable. As a result, during trial, Monford was represented solely by attorney Tracy A. Younkin, previously appointed as Monford's co-counsel.

**{¶ 5}** Both Monford and the state agree that the NGRI plea was not mentioned at all during the trial, and the court did not give the jury any instructions regarding that plea.

**{¶ 6}** The jury found Monford guilty on each charge, and the trial court sentenced Monford to a total prison sentence of 28 years to life. The Tenth District affirmed the conviction. 190 Ohio App.3d 35, 2010-Ohio-4732, 940 N.E.2d 634. We accepted jurisdiction over Monford's first and second propositions of law. 127 Ohio St.3d 1531, 2011-Ohio-376, 940 N.E.2d 985. Monford's first proposition of law asserts, "When a plea of not guilty by reason of insanity has been duly entered, the complete failure to address such plea at trial constitutes structural error." His second proposition of law asserts, "When a plea of not guilty by reason of insanity has been duly entered by prior counsel, appears in the court file, and has not been withdrawn, new counsel renders ineffective assistance of counsel by totally neglecting to address such plea."

## II. Analysis

### A. *The mere failure to withdraw a plea of not guilty by reason of insanity does not constitute structural error*

**{¶ 7}** Monford argues that the failure of his counsel and the trial court to address his NGRI plea during trial constituted structural error. "A structural error is a 'defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.' *Arizona v. Fulminante* (1991), 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302." *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 50. Structural errors "permeate '[t]he entire conduct of the trial from beginning to end' so that the trial cannot ' "reliably serve its function as a vehicle for determination of guilt or innocence." ' *Fulminante*, 499 U.S. at 309 and 310, 111 S.Ct. 1246, 113 L.Ed.2d 302, quoting *Rose v. Clark* (1986), 478 U.S. 570, 577-578, 106 S.Ct. 3101, 92 L.Ed.2d 460." *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 17. We have recognized that structural error can be found only in a " 'very limited class of cases.' " Id. at ¶ 18, quoting *Johnson v. United States* (1997), 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718.

**{¶ 8}** Monford asks us to adopt the Third District's analysis on a similar case as the correct approach. See *State v. Cihonski*, 178 Ohio App.3d 713, 2008-Ohio-5191, 900 N.E.2d 212. In *Cihonski*, the defendant entered, and the trial court accepted, a plea of NGRI. The defendant at trial testified that he had left a psychiatric hospital several days prior to the incident for which he had been arrested and that, during his hospital stay, he was treated for anxiety and panic attacks. Id. at ¶ 7. Neither the state nor defendant's counsel mentioned the defendant's NGRI plea, however. Like Monford's trial counsel, the attorney had begun representing the defendant after entry of the plea. Id. at ¶ 14, 30. The trial court did not instruct the jury on insanity or inform the jury that the defendant had entered the NGRI plea. Id. at ¶ 8.

**{¶ 9}** On appeal, the Third District concluded that the trial court's failure to instruct the jury on the defendant's defense of insanity violated his constitutional right to trial by jury and that the complete lack of mention of the defendant's NGRI plea permeated the entire trial. Id. at ¶ 22-23. The court of appeals reversed the conviction, holding that the trial court's actions constituted structural error. Id. at ¶ 23. The court also held that the defendant's counsel was ineffective due to counsel's failure to make the jury aware of the defendant's plea. Id. at ¶ 30.

**{¶ 10}** Monford argues that *Cihonski* corresponds to the facts here. He asserts that in each case, the issue of sanity was neither raised during trial nor reflected in the jury instructions and that trial counsel appeared unaware of the NGRI plea entered by another counsel on the defendant's behalf. The state counters that the Tenth District properly distinguished the two cases because Cihonski had admitted the conduct with which he was charged but had also testified that his actions were involuntary and that he had received previous psychiatric treatment, thus raising the issue of his mental state when the event occurred. The Tenth District concluded that the Third District in *Cihonski* had

determined that the defendant advanced a defense of legal insanity but that Monford, in contrast, had failed to present any evidence of insanity and never indicated that he wished to present an insanity defense. 190 Ohio App.3d 35, 2010-Ohio-4732, 940 N.E.2d 634, ¶ 73-74. The Tenth District also noted that throughout the entire trial, Monford relied upon a misidentification defense—that he was not the shooter and that witnesses who identified him as the shooter were mistaken. Id. at ¶ 74. Because Monford's defense was wholly inconsistent with a defense of not guilty by reason of insanity, the Tenth District held that no structural error had occurred. Id. at ¶ 76.

{¶ 11} I agree with the conclusion of the Tenth District. To be certain, the best practice in cases in which an NGRI plea is entered but evidence is not presented on the issue during trial is for the trial court to determine whether the defendant wishes to formally withdraw the plea and enter the withdrawal on the record. However, in cases such as Monford's in which an NGRI plea is not pursued in any way by the defendant during trial, the failure to state the withdrawal of the plea on the record is not a structural error.

{¶ 12} While the defendant in *Cihonski* arguably presented evidence that he was pursuing his plea of NGRI when he testified that he had received psychiatric treatment shortly before the events in question, Monford abandoned any reliance on a theory of NGRI. He did not submit a medical report or otherwise present any evidence concerning his mental state. As the Tenth District correctly observed, Monford based his defense upon a theory that the witnesses misidentified him as the shooter. The evidence presented and the theory of the defense were therefore antithetical to a potential NGRI defense. Insanity is an affirmative defense, which by definition requires a showing that the defendant would not be liable for the crime charged even if he had committed the criminal act. See *State v. Poole* (1973), 33 Ohio St.2d 18, 19, 62 O.O.2d 340, 294 N.E.2d 888, quoting Anderson, 1 Wharton's Criminal Evidence (12th Ed.), Section 19

(affirmative defenses "represent not a mere denial or contradiction of evidence which the prosecution has offered as proof of an essential element of the crime charged, but, rather, they represent a substantive or independent matter 'which the defendant claims exempts him from liability even if it is conceded that the facts claimed by the prosecution are true' "). Here, Monford offered no NGRI evidence, choosing instead to contradict the testimony of the prosecution's witnesses who identified him as the shooter.

{¶ 13} The failure to address withdrawal of Monford's NGRI plea does not fall into the limited class of cases that qualify as structural error. Monford clearly abandoned the insanity defense, and the tactical decision to pursue a defense based upon misidentification was not an error that permeated the entire trial from beginning to end in a manner that prevented the trial from being a fair process by which to determine Monford's guilt or innocence. For these reasons, I would hold that the mere failure to state the withdrawal of the plea on the record is not a structural error that automatically leads to a reversal of the conviction.

*B. The failure to address a plea of not guilty by reason of insanity*
*does not necessarily constitute ineffective assistance of counsel*

{¶ 14} Monford also argues that attorney Younkin provided ineffective assistance of counsel by failing to address the NGRI plea. To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. In an attempt to show deficient performance, Monford argues that Younkin failed to become familiar with the history of the case upon appointment

and that if Younkin was ever aware of the NGRI plea, he either forgot or neglected to mention it during the trial.

{¶ 15} "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland* at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id., quoting *Michel v. Louisiana* (1955), 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83.

{¶ 16} I would hold that Younkin's representation of Monford was not deficient under the circumstances of this case. While it may have been more prudent to officially withdraw Monford's NGRI plea before trial, the failure to withdraw the plea did not rise to the level of ineffectiveness. Younkin made a tactical decision to defend on mistaken identity, a theory that is at odds with the affirmative defense of insanity. Given the highly deferential standard established in *Strickland*, Monford's argument does not overcome the presumption that Younkin's tactical decision represented sound trial strategy.

{¶ 17} Furthermore, Monford's argument that Younkin either forgot or neglected to mention the plea during trial is mere speculation. "Such speculation is insufficient to establish ineffective assistance." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 217, citing *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 219, and *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547, ¶ 121.

### III. Conclusion

{¶ 18} This court is able to set forth a clear and definitive ruling on whether the failure to withdraw an NGRI plea constitutes structural error when there appears to be some confusion regarding whether the defendant wishes to pursue that defense. I respectfully dissent from the majority's decision to dismiss

this appeal as having been improvidently accepted. While a plea of NGRI should be withdrawn if it will not be relied upon by the defense, the mere failure by the trial court to state the formal withdrawal of the plea on the record is not a structural error that automatically leads to a reversal of the conviction.

{¶ 19} I would affirm the judgment of the court of appeals.

LUNDBERG STRATTON and MCGEE BROWN, JJ., concur in the foregoing opinion.

_____

Ronald J. O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee.

Yeura R. Venters, Franklin County Public Defender, and Allen V. Adair, Assistant Public Defender, for appellant.

_____