[Cite as *State v. Austin*, 2012-Ohio-3053.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110359 |
| | | TRIAL NO. B-1004533 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| CLINTON AUSTIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  July 3, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**SUNDERMANN, Presiding Judge.**

{¶1}    Clinton Austin appeals his conviction for burglary.  We conclude that his three assignments of error do not have merit, so we affirm the judgment of the trial court.

{¶2}    Austin was indicted for one count of burglary and one count of theft. On July 30, 2010, his attorney filed a written plea of not guilty by reason of insanity ("NGRI").  Shortly after his written plea was filed, the trial court signed an entry appointing the court clinic forensic services for a determination of whether Austin was competent to stand trial.  On August 25, 2010, based on the clinic's report, the trial court entered a finding that Austin was presently incompetent to stand trial and ordered that Austin receive treatment for competency restoration.  On January 4, 2011, the trial court entered a finding that Austin was competent to stand trial after undergoing treatment to pursuant to R.C. 2945.38.  The case proceeded to a trial before a jury.

{¶3}    At trial, Bernard White testified that while he was at work one day, he had received a call from his roommate informing him that someone had broken into his apartment.  White returned to his apartment and discovered that several items were missing from his apartment.  White estimated that the value of the stolen items was at least $3,500.  White also testified that while he was looking around his apartment, he discovered that one of the apartment's window screens had been cut.

{¶4}    Police officer Rick Kibbe testified that he reported to White's apartment to conduct an investigation.  Kibbe was able to lift fingerprints from the window that was under the screen that had been cut.  According to Kibbe, the window was identified as where entry to the apartment had been made.  The print

was submitted to an automated-fingerprint-identification-system ("AFIS") machine, which generated the name of Austin as a potential match for the prints. The match was confirmed by police officer Martin Odom.

{¶5}   Austin's girlfriend, Shawnell Evans, testified on his behalf. According to Evans, on the day of the burglary, she and Austin had been walking by White's apartment when they had heard a noise and had seen three men dressed in black taking things from the apartment. Evans testified that Austin had gone to the back of the apartment to find out what was going on and had gotten into an altercation with the men dressed in black. According to Evans, when one of the men jumped on him, Austin had braced himself with his hand, resulting in his fingerprints being left on the window.

{¶6}   At the conclusion of the trial, the jury found Austin guilty as charged. At the sentencing hearing, the trial court merged the theft count into the burglary count and sentenced Austin to six years' confinement.

{¶7}   In his first assignment of error, Austin asserts that he was denied his right to a trial by jury. He contends that the trial court's failure to address his NGRI plea constitutes structural error.

{¶8}   "A person is 'not guilty by reason of insanity' relative to a charge of an offense only if the person proves * * * that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts." R.C. 2901.01(A)(14).

{¶9}   At trial, Austin did not request that the jury be instructed on an NGRI defense. "Generally errors alleged in jury instructions to which no objections were made are waived in the absence of plain error." *State v. Cihonski*, 178 Ohio App.3d 713, 2008-Ohio-5191, 900 N.E.2d 212 (3d Dist.); Crim.R. 52(B). But Austin argues

3

that this case is akin to *Cihonski*, where the Third Appellate District held that the failure of the court to instruct the jury on the defendant's defense of insanity was structure error that warranted reversal. *Id.* at ¶ 23. In that case, the defendant was indicted for failure to comply with an order or signal of a police officer. As in the case before us, the defendant filed a written NGRI plea. During the trial, the defendant testified that when a police officer had approached his car, he had "[become] terrified and had a 'reflex action' that was like 'getting your hand out of a hot fire' and drove the vehicle away at a high rate of speed." *Id.* at ¶ 7.

{¶10} Unlike the defendant in *Cihonski*, Austin put forth no evidence that related to an insanity defense. Rather, Austin presented the testimony of his girlfriend, who attempted to explain his handprint that was found on the window. "The proper standard for determining whether a defendant has successfully demonstrated this defense and is thus entitled to an NGRI instruction is whether he has 'introduced sufficient evidence, which, if believed, would raise a question in the minds of reasonable men concerning the existence of such issue.' " *State v. Monford*, 190 Ohio App.3d 35, 2010-Ohio-4732, 940 N.E.2d 634 (10th Dist.). We conclude that, absent the presentation of any evidence that would raise the issue of Austin's sanity, there was no error in not including an instruction about an NGRI defense. The first assignment of error is overruled.

{¶11} In a related assignment of error, Austin asserts that his counsel was ineffective for having failed to address his NGRI plea and for having failed to request an NGRI instruction. To prevail on this assignment of error, Austin must demonstrate that his counsel's performance was deficient and that, absent his counsel's errors, the result of the proceedings would have been different. *See State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989); *Strickland v. Washington*,

4

466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Given our conclusion that Austin had put forth no evidence that raised the issue of his sanity, we are unable to say that counsel's performance was deficient. The second assignment of error is overruled.

{¶12} In his final assignment of error, Austin asserts that his conviction was based on insufficient evidence. When an appellant challenges the sufficiency of the evidence, we must determine whether the state presented adequate evidence on each element of the offense. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Having reviewed the record thoroughly, we conclude that the state presented sufficient evidence of each of the elements of burglary. The third assignment of error is overruled.

{¶13} We, therefore, affirm the judgment of the trial court.

Judgment affirmed.

**HENDON** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.